This was an application for a Writ of Error to a judgment of the Superior Court of Law for Henrico county. The petitioner was indicted at the September Term of that Court, 1818, for falsely uttering a false, forged and counterfeited promissory note, *183 purporting' to be signed by W. H. Cabell, and endorsed by W. Galt, and for forging another note of same description. On his motion his trial *was postponed to the ensuing Term. At the ensuing April Term, he again moved the Court for another continuance to the next Term, which was over-ruled, and he excepted to the opinion of the Court. The bill of exceptions sets forth, that before the jury was sworn, the prisoner moved for a continuance on the following grounds : 1. A general affidavit of the prisoner, setting forth, that Samuel Scruggs, is a material witness for him, without the benefit of whose testimony he cannot safely go into the trial thereof, as he believes that his presence is indispensable to the proof of his innocence. 2. The affidavit of William Sel-den, one of his Counsel, who declared that about six or seven weeks since, he received a note from the prisoner, then in jail, requesting him to come and see him, in order that he might inform him of the names of his witnesses, (with their places of residence,) whom he considered as material to his defence, in order that they might be subpoenaed to attend : that about three or four weeks past, he obtained from the Deputy Clerk a subpoena for Samuel Scruggs of Cumberland county, and according to the best of his recollection, sent it in a few days afterwards to the Richmond Post-Office, directed to the Sheriff of Cumberland county, requiring him to summon said Scruggs to attend the trial of said prisoner on the 1st day of the April Term, 1819. 3. On the fact that the said Scruggs was not present. This motion for a continuance was over-ruled. And thereupon, the prisoner made a special affidavit to this effect: that he expects to prove by Samuel Scruggs the following facts: that he had received, and was in possession of a sum of money sufficient to purchase the note and bond, for the forgery whereof the prosecutions were instituted at the time immediately prior to the prosecution : that he (Scruggs) saw a man offer them to Holt, the prisoner, for sale, and also offered them to said Scruggs for sale, the day before the prisoner was arrested ; that a subpoena was taken out about three weeks ago, and directed to the Sheriff of Cumberland, where the said Scruggs resides, and put in a letter, which at that time was deposited in the Richmond Post-Office : and again moved the Court for a continuance of his cause, on the ground of that affidavit, and the before mentioned affidavit of William Selden, and the absence of the said Scruggs ; which motion was likewise over-ruled by the Court, principally on the ground that due diligence had not been used by the prisoner in summoning his witness, ^particularly as a continuance had been granted to him by the Court at the last September Term, on a general affidavit, that the same witness was material, and absent. To these opinions of the Court the prisoner excepted.
Grantland, for the petitioner, referred to 6 Bac. Abr. “Trial,” Letter H. p. 650 ; also to 3 Burrow, p. 1515, Rex v. D’Rnon ; 1 W. Black 510 ; and to 4 Munf. 547, Chamberlayne v. Higginbotham.
Robertson, Attorney General, referred to Macnally, p. 660-1, 665.
The Court. “ Without deciding whether a Writ of Error will, or will not, lie on an erroneous refusal to grant a continuance, this Court is unanimously of opinion, that in this Case the Writ of Error ought not to be granted, because the Judge, upon the circumstances of the case, did not err in refusing the continuance.” _